## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Feb 14 2017, 10:21 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Donald E.C. Leicht
Kokomo, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

George P. Sherman
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Dax C. Rutherford, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff* | February 14, 2017 <br><br> Court of Appeals Case No. <br> 34A04-1608-CR-2050 <br><br> Appeal from the Howard Superior Court <br><br> The Honorable William C. Menges, Judge <br><br> Trial Court Cause No. <br> 34D01-1406-FA-436 |

**Baker, Judge.**

[1] Dax Rutherford appeals the order issued by the trial court revoking his probation and ordering that he serve the balance of his previously-suspended sentence. Rutherford argues that he did not receive credit time for programs he allegedly completed while incarcerated and that the trial court erred in calculating the balance of his sentence. Finding no error, we affirm.

## Facts

[2] On September 17, 2014, Rutherford pleaded guilty to Class B felony dealing in a narcotic drug. Pursuant to the plea agreement, the trial court sentenced Rutherford to twelve years imprisonment, with eight years executed and four years suspended to probation. On May 5, 2016, at Rutherford's request, the trial court modified his sentence. The trial court ordered that Rutherford would be released to supervised probation on May 15, 2016, pursuant to a requirement that Rutherford be placed in the Community Transition Program and successfully complete the Howard County Re-Entry Court Program. The trial court suspended the remainder of Rutherford's sentence.

[3] On June 15, 2016, the Howard County Re-Entry Court Case Manager filed a notice with the trial court indicating that Rutherford had been terminated from the program because he had committed a new criminal offense. On July 20, 2016, the State filed a petition to revoke Rutherford's suspended sentence, alleging that he had violated his probation by failing to complete the Re-Entry Program. On August 23, 2016, following a hearing, the trial court found that Rutherford had violated the terms of his probation. The court ordered

Rutherford to serve the balance of his previously-suspended sentence, which the trial court determined was 2,632 days, beginning on October 31, 2016. Rutherford now appeals.

# Discussion and Decision

[4] Rutherford raises a number of arguments in this appeal, which we restate as follows. First, he argues that the trial court did not give him credit for programs he allegedly completed while incarcerated. Second, he argues that the trial court erred in its calculation of the number of days remaining in the balance of the suspended sentence.

[5] As to programs completed while incarcerated, it is Rutherford's burden to establish that he was entitled to additional credit time. *E.g.*, *Gardner v. State*, 678 N.E.2d 398, 401 (Ind. Ct. App. 1997). Rutherford acknowledges that there is no evidence in the record to support his claim that he completed programs while incarcerated; consequently, he has not met his burden to show that the trial court erred in this regard.[1]

[6] As to the trial court's calculation of the balance remaining in Rutherford's suspended sentence, Rutherford argues that he is entitled to the following credit time:

---

[1] Moreover, even if he had established that he had completed these programs, the credit time would have already inured to his benefit before his first release from incarceration by the advancement of his earliest possible release date. He would not be entitled to a second bite of this apple.

- 198 days credit time before his original sentencing hearing;
- 1,190 days credit time while incarcerated; and
- 68 days credit time for the period of time between the Re-Entry Program violation hearing and the probation revocation hearing.

In other words, Rutherford argues that he is entitled to a total of 1,456 days credit time. Rutherford's original sentence totaled 4,380 days imprisonment with a portion executed and a portion suspended. When the trial court modified Rutherford's sentence on May 5, 2016, it ordered that the balance of his sentence would be suspended to probation. To find that balance, the amount of credit time must be subtracted from the amount of the total sentence. Therefore, assuming for argument's sake that Rutherford is entitled to all of his requested credit time, we would subtract 1,456 from 4,380, for a balance of 2,924 days. The trial court here actually imposed 2,632 days, which is nearly a full year *less* than that balance.[2] Therefore, even if we agreed with Rutherford about the amount of credit time to which he is entitled, he cannot show any error as the trial court calculated the balance of his sentence to be even lower than Rutherford himself would. We find no error.

The judgment of the trial court is affirmed.

Mathias, J., and Pyle, J., concur.

---

[2] Rutherford may also be arguing that he should have received credit time for the period of time between June 15 and July 20, 2016. Even if we assume for argument's sake that he is correct, the balance according to Rutherford's calculations would still be significantly higher than the 2,632 days imposed by the trial court. Therefore, this argument is unavailing.